## MAY 16, 1990

No. A–805 (89–7503).   ANDERSON *v.* COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION.   C. A. 5th Cir.   Application for stay of execution of sentence of death, presented to JUSTICE WHITE, and by him referred to the Court, denied.   JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application.

JUSTICE BRENNAN with whom JUSTICE MARSHALL joins, dissenting.

I dissent from the denial of the application for stay of execution. I believe that the procedural posture of this case makes a stay particularly appropriate.   This is petitioner's first petition for a writ of habeas corpus.   The petition raises a substantial and recurring claim based on our decision in *Penry* v. *Lynaugh*, 492 U. S. 302 (1989), that Texas law precluded the presentation and consideration of mitigating evidence at the sentencing phase of his trial.   The petition was pending in the District Court for the Eastern District of Texas for three years before the District Court ultimately rejected petitioner's claims on March 9, 1990.   After that ruling, the State immediately sought, and the trial court subsequently granted, an execution date of May 17.   Such an early execution date deprived the Court of Appeals for the Fifth Circuit and this Court of the opportunity to review fully the merits of petitioner's claim.   This needless burden on federal review of potentially meritorious capital claims should not be sanctioned by this Court.   Even the Judicial Conference's recent proposal for streamlined review in capital cases is premised on the view that a prisoner is entitled to "one complete and fair course of collateral review in the state and federal system, *free from the time pressure of impending execution.*"   Judicial Conference of the United States, Ad Hoc Committee on Federal Habeas Corpus in Capital Cases, Committee Report and Proposal 6 (Aug. 1989) (emphasis added).   Petitioner is entitled to no less today.

I would in any event grant the application for stay of execution. I adhere to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments. See *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976) (BRENNAN, J., dissenting).